# PROMISSORY NOTE

**$8,253,181.55**                                                                                          York, Maine

                                                                                                    _____, 2025

FOR VALUE RECEIVED, **BEACH HOUSE, LLC**, a Maine limited liability company (the "Debtor"), jointly and severally, promises to pay to the order of **FIRST BOSTON CONSTRUCTION HOLDINGS, LLC**, a _____ limited liability company (hereafter referred to as "Payee" or "Lender"; Payee and any and all other holders of this Note being hereinafter referred to as "Holder") on or before _____, 2030 (the "Maturity Date") the principal sum of Eight Million Two Hundred Fifty-Three Thousand One Hundred Eighty-One and 55/100 Dollars ($8,253,191.55) together with interest bearing a rate of eight percent (8.0%) per annum.

Interest will be calculated on the outstanding principal balance of this Note based on a 360-day year for the actual number of days elapsed in each calendar year.

**Payment Schedule:**

Commencing on _____, 2025, and continuing on the same day of each successive month thereafter, this Note shall be payable in monthly installments of principal and interest in accordance with the payment schedule attached hereto as **Exhibit A** (the "Payment Schedule"). In addition to the monthly payments set forth in the Payment Schedule, Debtor shall make annual payments to Payee in the amount equal to five percent (5.0%) of Debtor's Excess NOI, as that term is defined in the Debtor's Amended Plan of Reorganization Dated May 16, 2025 (the "Plan of Reorganization"). On the Maturity Date all outstanding principal, accrued interest and any and all other charges and amounts due and owing under this Note shall be due and payable, including a premium in the amount equal to the difference of $13,171,730.02 and the total principal and interest paid hereunder (the "1111(b) Premium").

Any payments hereunder shall first be applied to any late charges or other fees and expenses, if any, then to accrued interest and then to unpaid principal on the debt until the same is paid in full. Interest shall accrue to the date payment is received.

All payments hereunder shall be made to Payee via Automated Clearing House (ACH) transfers to Payee's financial institution on the day when due in lawful money of the United States of America. Whenever any payment to be made under this Note shall be stated to be due on a day other than a "Business Day" (as defined below), such payment shall be made on the next succeeding business day. The term "Business Day" means Mondays to Fridays, excluding federally recognized holidays on which financial institutions and markets are closed.

**Default:**

1

Promissory Note

The occurrence of any of the following events will be an event of default under this Note: (i) late payment to Payee under this Note; (ii) Debtor's late payment of any real estate taxes or assessments, utilities, including the Sewer District and the York Water District, property insurance, or management fees due to Scout Hotel and Resort Management LLC dba Maverick ("Maverick") in accordance with that Hotel Management Agreement executed by and between Debtor and Maverick on February 15, 2024, as amended (the "Management Agreement"); (iii) condemnation of the property located at 780 York Street, York, Maine (the "Property"); (iv) failure to have the Debtor's Plan of Reorganization confirmed by September 15, 2025; (v) the modification, withdrawal or revocation of the Plan of Reorganization without Payee's consent; (vi) the appointment of a trustee under chapter 7 or chapter 11 of the Bankruptcy Code; (vii) Debtor's failure to substantially consummate the Plan of Reorganization; (viii) Debtor's failure to authorize and allow Payee to access Maverick; (ix) Debtor's failure to provide the weekly Daily Pickup and Cash Reports, or monthly cash reports; (x) Debtor's failure to provide Payee notice of any default notice the Debtor receives from any vendor providing essential services to the Debtor in connection with its hotel operations within three (3) business days of the Debtor's receipt of such notice of default.

With exception of (i) above, Debtor shall have three (3) days to cure such default following its receipt of a written notice of default. Lender shall have relief from the automatic stay under Section 362 of the Bankruptcy Code, upon the occurrence of an event of default that is not cured within the applicable cure period, which relief from stay shall continue to be effective in the event that the Debtor files a subsequent bankruptcy petition unless the Court in the subsequent case approves the imposition of the automatic stay after appropriate notice and hearing  Any notice of default shall be effective upon Lender sending a Notice of Default via email to the Debtor at taylor@37urban.com with a copy to the Debtor's counsel at dcj@marcusclegg.com.

**Prepayment:**

The principal amount of this Note may be prepaid in full at any time and in part from time to time; provided, however, that in no event shall Debtor pay less than a total amount of $13,171,730.02 of principal and interest under this Note.

**Security:**

Debtor's obligations under this Note are secured by and guaranteed pursuant to the terms and conditions of the following documents:

1. a first priority Mortgage, Security Agreement and Fixture Filing (the "Mortgage") on the Property;

2. a Collateral Assignment of the Management Agreement;

3. a security interest in all of Debtor's assets, subordinate only to Clean Laundry Funding, Ascentium and USAM (as the terms are defined in the Plan of

2

Promissory Note

Reorganization and in accordance with the Plan of Reorganization);

All documents which secure this Note, whether executed prior hereto, on even date hereof, or in the future, are hereinafter referred to as the "Security Documents."

**Waivers and Disclosures:**

Debtor and all other parties liable herefor, whether principal, guarantor, endorser or otherwise, hereby waive demand, notice and protest, and waive all recourse to suretyship and guarantorship defenses generally, including, but not limited to, any extensions of time for payment or performance which may be granted to Debtor or to any other liable party, any modifications or amendments to this Note or any document securing payment and performance hereof, any release of security, any release of a liable party or parties, and all other indulgences of any type which may be granted by the holder hereof to Debtor or any other party liable herefor, and do also agree to pay all costs of collection of indebtedness evidenced hereby, including attorneys' fees which may be incurred in connection therewith.

No waiver of any payment or other right under this Note shall operate as a waiver of any other payment or right. No delay or failure of Holder in the exercise of any right or remedy provided for hereunder or under any agreement securing this Note shall be deemed to be a waiver of such rights by Holder and no exercise of any right or remedy shall be deemed a waiver of any other right or remedy that the Holder may have.

**DEBTOR, TO THE EXTENT PERMITTED BY APPLICABLE LAW, HEREBY IRREVOCABLY AND UNCONDITIONALLY (A) SUBMITS TO PERSONAL JURISDICTION OF THE STATE OF MAINE OVER ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE, AND (B) WAIVES ANY AND ALL PERSONAL RIGHTS UNDER THE LAWS OF ANY STATE AND UNDER THE UNITED STATES CONSTITUTION (I) TO THE RIGHT, IF ANY, TO TRIAL BY JURY, (II) TO OBJECT TO JURISDICTION WITHIN THE STATE OF MAINE OR VENUE IN ANY PARTICULAR FORUM WITHIN THE STATE OF MAINE, AND (III) THE RIGHT, IF ANY, TO CLAIM OR RECOVER ANY SPECIAL, EXEMPLARY, PUNITIVE OR CONSEQUENTIAL DAMAGES OR ANY DAMAGES OTHER THAN ACTUAL DAMAGES. NOTHING CONTAINED HEREIN, HOWEVER, SHALL PREVENT HOLDER FROM BRINGING ANY SUIT, ACTION OR PROCEEDING OR EXERCISING ANY RIGHTS AGAINST ANY SECURITY AND AGAINST DEBTOR OR ANY GUARANTOR, AND AGAINST ANY PROPERTY OF DEBTOR, IN ANY OTHER STATE. INITIATING SUCH SUIT, ACTION OR PROCEEDING OR TAKING SUCH ACTION IN ANY STATE SHALL IN NO EVENT CONSTITUTE A WAIVER OF THE AGREEMENT CONTAINED HEREIN THAT THE LAWS OF THE STATE OF VERMONT SHALL GOVERN THE RIGHTS AND OBLIGATIONS OF DEBTOR AND HOLDER HEREUNDER AND THE SUBMISSION HEREIN MADE BY DEBTOR TO PERSONAL JURISDICTION WITHIN THE STATE OF MAINE.**

**Miscellaneous:**

This Note evidences a loan for business and commercial purposes, and not for personal, family or household purposes.

This Note may not be amended, modified or changed, nor shall any waiver of any provision hereof be effective, except only by an instrument in writing signed by the party against whom enforcement of any waiver, amendment, change, modification or discharge is sought.

Whenever used herein, the words "Debtor," "Payee" and Holder" shall be deemed to include their respective heirs, legal representatives, successors and assigns.

This Note shall take effect as a sealed instrument. If any obligation or portion of this Note is determined to be invalid or unenforceable under law, it shall not affect the validity or enforcement of the remaining obligations or portions thereof. This Note shall be governed by and interpreted in accordance with the laws of the State of Vermont.

Debtor agrees that no action may be maintained upon any agreement to lend money, extend credit, forbear from collection of a debt or make any other accommodation for the repayment of a debt unless the promise, contract or agreement on which the action is brought, or some memorandum thereof is in writing and signed by the party to be charged therewith. Neither Debtor nor any endorser hereof will, under any circumstances, rely on any oral statements, promises or assurances made by or on behalf of Holder with respect to the loan evidenced hereby, any loan document or Holder's intentions with respect thereto, including without limitation, any statement, promise or agreement to execute any written promise, contract, agreement or memorandum thereof.

[Signature pages follow]

      IN WITNESS WHEREOF, the undersigned Debtor executed this Note, under seal, as of the date first set forth above.

**DEBTOR:**

BEACH HOUSE, LLC


By:_____
Name: Taylor Perkins                      WITNESS
Its: Manager

Signature Page to Promissory Note