UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Beach House, LLC,<br><br>Debtor | Chapter 11<br>Case No. 24-20211 |

**ORDER GRANTING, IN PART, MARCUS | CLEGG'S FIRST APPLICATION
FOR INTERIM AWARD OF PROFESSIONAL FEES
AND REIMBURSEMENT OF EXPENSES**

In February 2025, the Court approved the application of the debtor to employ the law firm Marcus | Clegg to provide professional services through its attorneys and paraprofessionals. This approval came only after Marcus | Clegg, through two hearings and two supplemental filings, provided amended or additional required disclosures. *See* 11 U.S.C. §§ 327(a), 329(a); Fed. R. Bankr. P. 2014(a), 2016(b). Some required disclosures were made only after the Court raised concerns and ordered that the prior disclosures be supplemented, including with details about a retainer payment made by a third party on behalf of the debtor and certain connections to that third party (Howdy Hospitality, LLC).

In March 2025, Marcus | Clegg filed its First Application for Interim Award of Professional Fees and Reimbursement of Expenses [Dkt. No. 116] ("Fee Application"). The billing detail attached to the Fee Application lists a payment in the amount of $4,749.50 that was made by yet another third party (SL Holdings LLC). The payment was made on a date after the debtor had filed its bankruptcy petition but was seemingly intended to satisfy a balance that had accrued for services rendered before the petition was filed. The unpaid balance, the payment, and the source of the funds had not previously been disclosed—despite the payment having

1

occurred months before the Court's consideration of disclosures related to Marcus | Clegg's proposed employment in this case.

In April 2025, at an initial hearing on the Fee Application, the Court inquired about the payment.  In response, counsel to Marcus | Clegg agreed to and did supplement the Fee Application before a continued hearing.  The supplement [Dkt. No. 146] confirms that the postpetition payment was intended to satisfy a balance that had accrued before the petition was filed.

At the continued hearing, in May 2025, counsel readily acknowledged that the disclosures of the payment and its origin were late, although without explaining why.  As a proposed remedy, counsel offered to waive compensation in an amount equivalent to that payment.  Among other serious sanctions for failures to make required disclosures, a court could deny all requested fees.  *See, e.g.*, Rome v. Braunstein, 19 F.3d 54, 57-60 (1st Cir. 1994) (emphasizing significance of disclosure requirements and professionals' risk of serious financial consequences for failing to make "spontaneous, timely, and complete disclosure required by section 327(a) and Fed. R. Bankr. P. 2014(a)"); Miller v. U.S. Trustee (In re Indep. Eng'g Co.), 197 F.3d 13, 16-17 (1st Cir. 1999) (emphasizing same as to additional disclosures required from debtors' counsel by section 329(a) and Fed. R. Bankr. P. 2016(b)).  Given the valuable services provided by Marcus | Clegg to the debtor, the interim nature of this award, and the final reminder to counsel in paragraph four below, the Court will limit the sanction, for now, to a denial of fees in the amount that counsel proposed to waive (i.e., $4,749.50).  Additional disclosure deficiencies may lead to more serious sanctions, including when considering a final award of fees.

Thus, for reasons discussed above and on the record at the two hearings, the Court orders as follows.

1. The Fee Application is granted, in part, on an interim basis.

2. For the period of October 17, 2024, through February 28, 2025, Marcus | Clegg is awarded $27,032.00 as reasonable compensation for actual, necessary services rendered, and $420.63 as reimbursement for actual, necessary expenses, for a total award of $27,452.63. This award remains subject to review in connection with a final application for compensation.

3. In making this award, the Court has disallowed $4,749.50 in requested fees as a sanction for the failure to make required disclosures promptly. Specifically, as discussed above, the disclosures in the Fee Application and its supplement were required to have been made, but were not made, much earlier in the case.

4. Further, by July 7, 2025, counsel to the debtor must file any required amended or supplemental disclosures. For example, counsel may be required to file a verified statement disclosing any connections with SL Holdings LLC and Jack H. Lieberman.[1] *See* 11 U.S.C. § 327(a); Fed. R. Bankr. P. 2014(a)(2)(F), (3); D. Me. LBR 2014-1(a). Counsel must also ensure that all required disclosures in connection with any payment or agreement to pay, including those involving third parties identified above, have been made. *See* 11 U.S.C. § 329(a); Fed. R. Bankr. P. 2016(b).

Dated: June 20, 2025

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[1] As noted, SL Holdings LLC made a postpetition payment, on the debtor's behalf, to satisfy a prepetition balance owed to counsel [Dkt. No. 146]. As to Jack H. Lieberman, the debtor filed an amended list of its equity security holders in March 2025, adding Mr. Lieberman [Dkt. No. 130]. Counsel's original verified statement in November 2024 [Dkt. No. 23-3] disavowed any connections with "members" of the debtor, with counsel later confirming at a hearing and through a supplemental verified statement in January 2025 [Dkt. No. 85] that "members" meant only "the Debtor's 100% owner, the L.F. Perkins Family Tennessee Investment Services Trust."