**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In Re:<br><br>BEACH HOUSE, LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case Nos. 24-20211 (MAF) |

**MOTION OF FIRST BOSTON CAPITAL, LLC AND YORK
SEWER DISTRICT FOR RELIEF FROM THE
<u>AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)</u>**
**(Request for Expedited Relief Included)**

First Boston Construction Holdings, LLC ("**First Boston**"), and York Sewer District ("**York Sewer**") (together, the "**Movants**"), secured creditors in the Chapter 11 bankruptcy case of Beach House, LLC (the "**Debtor**"), file this motion (the "**Motion**") requesting relief from the automatic stay to enforce their respective rights against the Debtor's real estate located at 277 Long Beach Avenue, York, Maine (the "**Real Property**") and related personal property contained therein - First Boston in accordance with its section 1111(b) promissory note, mortgage, security agreement, and ancillary loan documents (collectively, the "**Note**") and York Sewer in connection with the Debtor's Chapter 11 plan (the "**Plan**") and its statutory rights, and in further accordance with Confirmation Order of July 2, 2025. Notwithstanding, provisions in the Note and Confirmation Order regarding automatic stay relief upon any default, the Movants are not precluded from seeking such relief, including stay relief pursuant to 11 U.S.C. sections 362(d) and (f) based upon, among other factors, repeated payment defaults by the Debtor to the Movants and alleged non-payment of post-petition real estate taxes as required under the Note and Plan.[1] Finally, First Boston has been informed by the Debtor's management company that

---

[1] Based on information obtained from the York tax collector no payments have been received by the York tax collector for real estate taxes since September 2024, despite payment requirements under the Plan, and a default since the Effective Date and constitutes a continuing default under the Note.

the Debtor has insufficient funds and projected revenue to cure the present payment defaults and maintain the Real Estate through the winter season. Consequently, and as further explained below, "cause" exists to grant stay relief based on, among other particulars, the lack of ability to make the required payments under the Note and Plan, each an inevitable consequence of a debtor with insufficient income, cashflow and/or accounts receivable to continue to fund payments under the Plan. For these reasons, the Movants respectfully request that the Court enter an order granting stay relief related to the Note so that a foreclosure sale may proceed prior to winter and from which proceeds of the foreclosure will pay York Sewer and the tax lien of, and all real estate taxes owed, to the Town of York. The Movants also request an expedited determination under LBR 9013-4(a) as well as a waiver of the stay imposed by Bankruptcy Rule 4001(a)(4) because of the likelihood of a deterioration in condition to the Real Property with a Maine winter approaching, and the Debtor with insufficient monies to maintain the Real Property. In further support of the Motion, the Movants respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and D. Me. LR Cir. 83.6.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**3.** The statutory predicates for the relief sought are sections 105, 109(g), 349, and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1017(f), 4001, 9006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and LBR 4001-1(b)(2) and (3).

4. On October 17, 2024 (the "**Petition Date**"), the Debtor commenced this proceeding by filing a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

5. On July 2, 2025, the Debtor's Plan was confirmed by this court [D.N. 208].

**Local Rule 4001-1(b) Status Requirement**

6. Pursuant to Local Rule 4001-1(b) and (2) and as a pre-requisite for stay relief: regarding liens, mortgages, and security interests. A motion requesting relief with respect to a mortgage, security interest, or other lien on any interest of the debtor or of the estate in property shall state the basis of the movant's entitlement to relief. At a minimum, the motion shall, to the extent not disclosed in a completed Local Form 6 filed with the motion as otherwise required by this Local Rule, set forth information as to each of the following:[2]

(A) The Real Property for which the Movants seek relief from stay consists of hotel, is located at 277 Long Beach Avenue, York, Maine;

(B) The value of the Real Property in the Disclosure Statement is stated as being valued at $8.3 million dollars;

Paragraphs 7 through 18 below, set forth the following remaining requirements under LR 4001(b):

(D)[3] The identity and address of the holder of each lien on the property.

(E) The best available information as to the type, priority, current balance, and perfection of each lien on the property;

(F) The amount of prepetition and post-petition arrearages, costs, and interest accruals owing on the movant's claim; and

(G) Each of Movants' entitlement to relief.

---

[2] Local Form 6 is filed concurrently herewith.
[3] (C) is not applicable as exemptions do not apply in non-consumer cases.

**First Boston's Pre-Petition Secured Claim Incorporated Into the Note**

7. The Debtor executed a Commercial Real Estate Promissory Note to First Boston dated October 31, 2022, in the principal amount of $5,490,000.00 (the "**First Loan**"). As of November 8, 2024, the amount owed for the First Loan was $5,443,915.57.

8. The Debtor executed a Mortgage, Security Agreement, and Assignment dated October 31, 2022, and recorded in Book 19148, Page 327, which granted a mortgage interest in the Real Property to secure obligations connected with the First Loan.

9. The Debtor also executed a Commercial Real Estate Promissory Note dated April 6, 2023, in the principal amount of $7,950,000 (the "**Second Loan**"). As of November 8, 2024, the amount owed for the Second Loan had been $9,405,443.87.

10. The Debtor granted First Boston a Mortgage, Security Agreement, and Assignment dated April 6, 2023, and recorded in Book 19219, Page 777, which granted a mortgage interest in the Property to secure obligations connected with a loan with the Second Loan.

11. Before the filing of the Voluntary Petition, the Debtor had defaulted on both the First Loan and the Second Loan. The First Loan and Second Loan (collectively, "**First Boston's Loans**") were incorporated into the 1111(b) Note.

**The 1111(b) Note**

12. On July 2, 2025, the Note in the aggregate amount of $13,171,730.02 pursuant to 11 U.S.C. s. 1111(b) was incorporated into the Confirmation Order.

13. The 1111(b) election of First Boston's mortgages and claims under the Plan resulted in the form of the Note given by the Debtor in favor of First Boston bearing the face amount equal to $8,253,181.55 and an interest rate equal to eight percent (8%), which amount is

4

to be repaid over five (5) years, beginning on the Effective Date and then on the same date of each month thereafter for a total of sixty (60) monthly payments consisting of principal and interest in accordance with the 1111(b) Note Payment Schedule to the Confirmation Order. In addition, on the maturity date of July 17, 2030, all outstanding principal, accrued interest and legal fees shall become due together with the 1111(b) premium equal to the difference of $13,171,730.02 fees all amounts paid (the "**1111(b) Premium**").[4]

14. All of the collateral securing the First Boston Loans as of the Petition Date secures the 1111(b) Note after the Effective Date. The Note is also secured by (i) a collateral assignment of the Hotel Management Agreement between Debtor and Scout Hotel and Resort Management LLC dba Maverick Hotels ("**Maverick**"); and (ii) junior liens on the collateral securing the claims of Clean Laundry, Ascentium and USAM.

15. The Note also contains additional terms and conditions including: (i) First Boston shall be listed as a notice party and a co-insured party on Debtor's property insurance policy; (ii) the Debtor shall provide all necessary and appropriate authorizations to enable First Boson to have direct access to Debtor's insurance agency with respect to Debtor's insurance policies and shall facilitate such access; (iii) the Debtor shall provide all necessary and appropriate authorization to enable First Boston to have direct unrestricted access, to Maverick (the Debtor's Management Company) with respect to the Debtor's business operation and the Debtor shall facilitate such access; (iv) the Debtor shall direct Maverick to provide First Boston the Daily Pickup and Cash Reports on a weekly basis; (v) on or before the fifth (5th) Business Day of each month, the Debtor shall provide monthly cash flow reports to First Boston for the immediately

---

[4] In addition to scheduled monthly payments of the principal and interest, Debtor is required to make annual payments to First Boston in an amount equal to five percent (5%) of its Excess NOI, the Excess Cashflow Payment, as defined in the Note.

preceding calendar month; and (vi) the Debtor shall provide to First Boston notice of any default notice the Debtor receives from any vendor providing essential services to the Debtor in connection with its hotel operations within three business days of the Debtor's receipt of such notice of default.

### York Sewer's Secured Claim

16.     York Sewer is a quasi municipal agency that is entitled by statute to payments for sewer service by the Debtor.

17.     York Sewer is entitled to ongoing payments for services critical to Debtor's operations, and confirmed by the Debtor in a certain Promissory Note signed by the Debtor dated August 20, 2025 (and on which the Debtor has defaulted and failed to cure), and that certain Amended Notice Regarding: (I) Effective Date of Amended Plan of Reorganization of Beach House, LLC Dated May 16, 2025; and (II) Related Claim Deadlines Set Forth in the Plan [Doc. 218], indicating ongoing payments were due to the York Sewer.

18.     Upon failure to make payments to York Sewer by Debtor, York Sewer is entitled to assert a statutory lien which is in first position priority against all other liens, except for municipal tax liens.  38 M.R.S. § 1208.

### Rights to Automatic Stay Relief Under the Note

19.     The occurrence of the following events are an event of default under the Note: (i) late payment to First Boston under the 1111(b) Note; (ii) late payments of any real estate taxes or assessments, utilities, including York Sewer, property insurance, or management fees due to Maverick; (iii) condemnation of the Property; (iv) Debtor's failure to authorize and allow First Boston to access Maverick; (v) the Debtor's failure to provide the weekly Daily Pickup and Cash Reports, or monthly cash reports; (vi) the Debtor's failure to provide First Boston notice of any

6

default notice the Debtor receives from any vendor providing essential services to the Debtor in connection with its hotel operations within three business days of the Debtor's receipt of such notice of default. With the exception of the defaults noted above, the Debtor shall have three (3) days to cure such default following its receipt of a written notice of default. First Boston shall have relief from the automatic stay under Section 362 of the Bankruptcy Code, upon the occurrence of an event of default that is not cured within the applicable cure period, which relief form stay shall continue to be effective in the event that the Debtor files a subsequent bankruptcy petition unless the Court in the subsequent case approves the imposition of the automatic stay after appropriate notice and hearing.

20. The Debtor has not made timely payments pursuant to First Boston whose address is 859 Willard Street, Suite 501, Quincy, Massachusetts or on the Note, and has not made payment required under the Note as incorporated in the Plan.

21. As of September 30, 2025, the Debtor's outstanding principal loan obligations to First Boston pursuant to the Note total of approximately $8,234,117.98 plus all accrued interest, attorneys fees, late fees and other charges and without calculation of the 1111(b) Premium.

22. As of the Petition Date, the following additional encumbrances or liens appear to affect the Real Property:

(i) York Sewer, whose address is 21 Bay Haven Rd, York Beach, ME 03910, holds a lien on the property by virtue of unpaid statutory sewer charges which presently aggregate $5,108.90 and constitutes a lien on the Real Property pursuant to 38 M.R.S. section 1208. The Debtor defaulted and after notice later cured the payment due on the

Effective Date. The Debtor has since defaulted in its post-petition obligation of payment due on September 17, 2025, and now owes the amount of $5,108.90;[5] and

(ii)   The Town of York tax collector whose address is 186 York Street, York, ME 03909, holds a lien pursuant to 36 M.R.S.A. section 552 on the Real Property for pre-confirmation amounts due, which the Debtor acknowledged in the Plan is due and owing in the amount of $41,527.92, which is payable in five (5) equal payments, for which the first payment of approximately $8,305.80 was due on the Effective Date, which has not been paid. Additionally, First Boston has been informed by the York Tax Collector that the first payment due for FY 2026 for September 2025 in the amount of $21,758.55 has not been received.

### Relief From The Automatic Stay

23.   In an abundance of caution and to best ensure against any potential reinstatement of the automatic stay by the Debtor absent payment of all defaults and proof of financial wherewithal to further fund the Plan and maintain the Real Property, the Movants request that the Court enter an order modifying the automatic stay under section 362(d) and (f) for the purpose of allowing First Boston to exercise any and all of its state law rights and remedies with respect to the Real Property, including, without limitation, to promptly conduct a foreclosure sale of the Real Property and bringing such ancillary actions, including, without limitation, summary process proceedings, and actions for use and occupancy and possession of the Real Property as are permitted by law; and that the Debtor be restrained in any way from destroying or

---

[5] The quarterly payment due to York Sewer, in the amount of $7,003.91, is due on October 31, 2025, and, based on the above, York Sewer does not expect to receive that payment.

diminishing the value of the Real Property.  York Sewer and the York real estate taxes will be paid from the proceeds of the foreclosure sale.

24.     The Movants further request that the Court enter an Order waiving the provision of Federal Rule of Bankruptcy Procedure 4001(a)(3) such that the entry of the Order granting the Bank relief from the automatic stay is effective immediately upon entry of said Order.

**The Movants are Entitled to Relief From The Automatic Stay Under Section 362(d)(1)**

25.     The filing of the Chapter 11 case automatically operates as a stay of creditor activities against the Debtor under section 362(a) of the Bankruptcy Code.  11 U.S.C. § 362(a).  An entity may seek relief from the automatic stay, "such as by terminating, annulling, modifying, or conditioning such stay …"  11 U.S.C. § 362(d).  In re Haines, 309 B.R. 668 (Bankr. D. Mass. 2004).

26.     An entity is entitled to relief from the stay for cause.  11 U.S.C. § 362(d)(1).  Determining whether cause exists is a matter committed to the sound discretion of the bankruptcy court.  Matter of Holtkamp, 669 F.2d 505, 507 (7th Cir. 1982).  Cause is to be determined on a case-by-case basis based on the totality of the circumstances.  In re Haines, 309 B.R. 668, 674 (Bankr. D. Mass. 2004).

27.     Here, "cause" exists for numerous reasons.  As noted, the value of the Real Property based on the Debtor's valuation in the Disclosure Statement, is less than the amount due to First Boston under the Note, and the value of the Real Property is insufficient to protect First Boston's interest such that there is no equity cushion, especially as the liens of York Sewer and the town of York for real estate taxes continue to remain and obligations thereunder accrue interest.  Most meaningfully, the Debtor lacks the financial resources to properly maintain the

9

Real Property with winter on the horizon and placing the existing value of the Real Property at substantial risk of diminution.

28.     Based on the totality of the circumstances, "cause" exists because there is no valid purpose for the continued reorganization. The Movants have patiently forborne from exercising their rights and remedies to allow the Debtor to succeed with the Plan and to pay the Movants. However, the Debtor has failed to honor its commitment under the Note and Plan; and as the Debtor is a seasonal business there is little likelihood to reverse the series of perpetual defaults – in fact, the Debtor will almost certainly fail in its efforts to consummate the Plan. Moreover, given the staggering magnitude between the likely value of the Real Property and the secured claims, any sale by the Debtor will not pay such creditors in full. Finally, the Debtor's pattern of failing to pay the Movants and taxes to the Town of York, and having incurred earlier post-confirmation defaults, casts serious doubt on the Debtor's wherewithal to maintain the value of the Real Property. In essence, the Debtor no longer can meet its reorganizational purpose, and further delays place First Boston at imminent risk of further and unnecessary losses to its collateral that would be mitigated by allowing First Boston to exercise its rights and remedies now.

29.     Because of the Debtor's failure and inability to make (or even provide evidence of the ability to continue making) payments, and the failure of the Debtor to adequately protect the First Boston's interest in the Property, good cause exists for granting the relief from the automatic stay.

**Relief Under Section 363(f)**

30.     For all motions for relief from the automatic stay imposed by the Code that are not subject to paragraph (b)(2) of the Local Rules, recitation of the basis for which relief is

sought shall be provided in the motion. For motions filed under § 362(f) of the Code, the movant shall set forth the basis for which relief is sought upon which it asserts that irreparable damage may occur absent expedited or emergency treatment.

31.  Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

32.  First Boston – which holds as its primary collateral the Real Property – is facing the likelihood of irreparable damage to the Real Property given the Debtor's lack of financial wherewithal based on, among other factors, the seasonality of the Debtor's business and the approaching winter when little, if any, meaningful income is generated by the business but where maintaining the structural integrity of the Real Estate is paramount.

**Waiver Of Stay Under Bankruptcy Rule 4001(A)(4)**

33.  Under Bankruptcy Rule 4001(a)(3), "Unless the court orders otherwise, an order granting a motion for relief from the automatic stay under (1) is stayed for 14 days after it is entered."

34.  Here, the Movants request that the Court waive the stay of an order granting this Motion so that a public auction sale may occur as soon as possible. As discussed above, the Movants have provided the Debtor considerable time and opportunities to repay its obligations under the Note and Plan, and the Debtor has been unable to avert four monthly payment default from occurring each requiring notices of default. Now, the Debtor's latest defaults for the Movants are causing further and unnecessary delay.

11

**Request For Expedited Determination and Limitation of Notice**

35. Pursuant to LBR 9013-4(a), "If a movant seeks to have the court consider a motion requesting relief earlier than 48 hours after the motion is filed, the title of the motions hall include the language 'Request for Emergency Determination' . . . [and] shall list the facts and circumstances that justify such a determination . . . ."

36. Here, granting an expedited hearing on the relief requested herein is justified because the Movants have provided the Debtor with repeated notices of payment default, and the present defaults not having been cured. Furthered by information from Maverick, the Debtor's management company, the Debtor is unable to make the required payments to First Boston, York Sewer and real estate taxes. Moreover, due to the effects of the cold weather and inevitable storms of winter, a debtor not having sufficient finances and projected income to maintain the Real Property is placing the Real Property in peril.

37. First Boston's counsel provided an electronic notice of the intended filing of the Motion and the expedited hearing request to Debtor's counsel on October 22, 2025 at 8:25 a.m.

**Reservation of Rights**

38. Nothing in this Motion or the Order granting the Motion shall be construed as a waiver, amendment, or modification of the rights and remedies of the Bank under the Loan Documents.

**Notice**

39. The Movants propose to provide notice via email to the following parties: (i) the Debtor; (ii) Debtor's counsel; (iii) the Office of the United States Trustee; (iv) the parties; (v) the Town of York tax collector; and (vi) parties on the electronic service list. The Movants submit that this manner of notice is reasonably calculated to inform affected parties of the motion and

the request for an expedited determination in a manner that is reasonably appropriate under the circumstances. Moreover, the Movants submit that these efforts constitute good faith efforts to advise all affected parties of the requested expedited hearing.

WHEREFORE, the Movants request under Bankruptcy Code section 362(d) and (f) that the Court enter an order granting stay relief to the Real Estate and related personal business property and permitting First Boston to exercise its rights subject to the Note including foreclosure.

Respectfully submitted,

FIRST BOSTON CONSTRUCTION
HOLDINGS, LLC

By its counsel,

 */s/ Alan L. Braunstein*
Alan L. Braunstein (BBO #546042)
RIEMER & BRAUNSTEIN LLP
100 Cambridge Street
Boston, Massachusetts 02114
Tel: (617) 523-9000
Fax: (617) 880-3456
Email: abraunstein@riemerlaw.com

Dated: October 22, 2025

YORK SEWER DISTRICT

By their counsel,

*/s/ Anthony J. Manhart*
Anthony J. Manhart
PERKINS THOMPSON, P.A.
One Canal Plaza
P.O. Box 426
Portland, ME 04112-0426
Tel: (207) 774-2635
Email: tmanhart@perkinsthompson.com

13

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In Re:<br><br>BEACH HOUSE, LLC,<br><br>              Debtor. | Chapter 11<br><br>Case Nos. 24-20211 (MAF) |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) REGARDING REAL PROPERTY LOCATED AT 277 LONG BEACH AVENUE, YORK, MAINE**

Upon consideration of Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(f) [Doc. No. ___] (the "**Motion**"), and any objections thereto, and after notice and an opportunity for hearing, it is hereby ORDERED as follows:

1. The Motion is Granted.

2. The Movants, including First Boston are hereby granted relief from the automatic stay under Bankruptcy Code section 362(d) related to the Real Property located at 277 Long Beach Avenue, York, Maine and related business personal property.

3. Notice and service of the Motion was sufficient under the circumstances of this case.

4. The 14-day stay imposed by Bankruptcy Rule 4001(a)(4) is hereby waived.

 

                                                                                                                                 _____
                                                                                                                                  Michael A. Fagone
                                                                                                                                  United States Bankruptcy Judge

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In Re:<br><br>BEACH HOUSE, LLC,<br><br>                      Debtor. | Chapter 11<br><br>Case Nos. 24-20211 (MAF) |

### CERTIFICATE OF SERVICE

      I, Alan L. Braunstein with the law firm of Riemer & Braunstein LLP hereby certify that I caused to be served on October 22, 2025 a true and accurate copy of the Assented To **Motion of First Boston Construction Holdings, LLC and York Sewer District for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d) (Requested for Expedited Relief Included)** by electronic notification (**EN**) or by Email (**Email**) where indicated, to the individuals listed below and any other party receiving electronic notification in their case:

Ann Marie Dirsa, Esq.
DOJ-Ust
Office of the U.S. Trustee
53 Pleasant Street
Suite 2300
Concord, NH 03301
ann.marie.dirsa@usdoj.gov (EN)

Heather A Sprague, Esq.
DOJ-Ust
5 Post Office Square
Suite 1000
Boston, MA 02109
heather.sprague@usdoj.gov (EN)

Brendan T. Barry, Esq.
Marcus Clegg Bals & Rosenthal, P.A.
16 Middle Street
Unit 501
Portland, ME 04101
btb@marcusclegg.com (EN)

David C. Johnson, Esq.
Marcus Clegg
16 Middle Street
Unit 501
Portland, ME 04101
bankruptcy@marcusclegg.com (EN)

Daniel Cummings, Esq.
Norman, Hanson & DeTroy, LLC
Norman, Hanson & DeTroy, LLC
P.O. Box 4600
Portland, ME 04112-4600
dcummings@nhdlaw.com  (EN)

Anthony J. Manhart, Esq.
Perkins Thompson, P.A.
One Canal Plaza
P.O. Box 426
Portland, ME 04112-0426
tmanhart@perkinsthompson.com  (EN)

Lynn M Osgood
Town Clerk & Tax Collector
Registrar of Voters
Town of Yor, Maine Municipal Offices
186 York Street
York, Maine 03909
losgood@yorkmaine.org (Email)

/s/ Alan L. Braunstein
Alan L. Braunstein (BBO #546042)
Riemer & Braunstein LLP
100 Cambridge Street, 22nd Floor
Boston, Massachusetts 02114
(617) 880-3516
abraunstein@riemerlaw.com

4500825.3