**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>BEACH HOUSE, LLC,<br><br>Debtor | Chapter 11<br>Case No. 24-20211 |

## MOTION OF UNITED STATES TRUSTEE FOR ORDER DISMISSING CASE

Pursuant to 28 U.S.C. § 586, 11 U.S.C. § 1112(b)(1), and 11 U.S.C. § 1112(b)(4)(A), (F), (K), (M) and/or (N), William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), respectfully moves for an order dismissing this case for cause.

The debtor is a limited liability company that owned the Sea Latch Inn in York, Maine. The debtor's plan of reorganization was confirmed on July 2, 2025, but no final decree has entered in this case. On October 30, 2025, the Court granted the motion of secured creditors First Boston Capital and York Sewer District for relief from stay as a result of alleged post-confirmation payment defaults by the debtor. An auction of the debtor's property is currently scheduled for December 2, 2025. The debtor has also failed to file its post-confirmation report in a timely manner and to pay quarterly fees when due.

The United States Trustee contends that grounds for dismissal may exist based on:

- the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;" 11 U.S.C. § 1112(b)(4)(A);

- the debtor's "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;" 11 U.S.C. § 1112(b)(4)(F);

- the debtor's "failure to pay any fees or charges required under chapter 123 of title 28;" 11 U.S.C. § 1112(b)(4)(K);

- the "inability to effectuate substantial consummation of a confirmed plan;" 11 U.S.C. § 1112(b)(4)(M); and/or

- the "material default by the debtor with respect to a confirmed plan." 11 U.S.C. § 1112(b)(4)(N).

The United States Trustee asserts dismissal rather than conversion is in the best interests of creditors and the estate because relief from stay has been granted with respect to debtor's primary if not only meaningful asset and source of income.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief are 28 U.S.C. §§ 586(a)(3) and 1930(a)(6), 11 U.S.C. §§ 307 and 1112(b) and Fed. R. Bankr. P. 1017.

## II. PROCEDURAL AND FACTUAL BACKGROUND

2. On October 17, 2024, Beach House, LLC ("**Debtor**") filed a voluntary chapter 11 petition with the Court. ECF No. 1.

3. The Debtor is a limited liability company formed to purchase the Sea Latch Inn, a 78-room hotel located on the Debtor's real property at 277 Long Beach Ave, York, Maine (the "**Real Property**"). ECF No. 172 at 6.

4. Prepetition, the Debtor fell into default on its obligations to secured creditor First Boston Capital, LLC ("**First Boston**"). ECF No. 172 at 7. The Debtor filed for bankruptcy protection prior to a foreclosure auction of the Real Property scheduled by First Boston. *Id*.

5. The Court entered an order confirming the Amended Plan of Reorganization

of Beach House Dated May 16, 2025 (the "**Plan**") on July 2, 2025.  ECF No. 208.

6. The Effective Date of the Plan occurred on July 17, 2025.  ECF No. 218.

7. A final decree has not yet entered in the Debtor's case.

8. On October 22, 2025, First Boston and York Sewer District filed a motion for relief from the automatic stay, with a request for expedited relief.  ECF No. 226 ("**Motion for Relief from Stay**").  The movants asserted as grounds for the Motion the Debtor's repeated payment defaults and the alleged non-payment of post-petition real estate taxes.  ECF No. 226 at 1-2.  The movants further alleged that the Debtor lacked sufficient income, cashflow and/or accounts receivable to continue to fund payments under the Plan.  *Id*.

9. After a hearing held on October 30, 2025, the Court granted the creditors' Motion for Relief from Stay.  ECF No. 238.

10. Upon information and belief, a foreclosure auction of the Property has been scheduled for December 2, 2025.

11. The Debtor's revenues from operations were to be a primary source of funding for the Debtor's Plan obligations.  ECF No. 172 at 28.  Without the Property, it is unclear whether the Debtor has any other means to generate income to make payments to creditors or any business operations to rehabilitate.

12. The Debtor was required to file a UST Form 11-PCR ("**Post-Confirmation Report**") for the period July 17, 2025, through September 30, 2025.  The Debtor's Post-Confirmation Report was due no later than October 21, 2025, but has not been filed to date.

13. The Debtor has failed to pay estimated past due quarterly fees of $1,906 for the third quarter ending September 30, 2025. The fees are estimated because the Debtor's Post Confirmation Report has not been filed. Quarterly fees and interest continue to accrue.

### III. ARGUMENT

#### A. Applicable Legal Standards

14. Pursuant to 11 U.S.C. § 1112(b), "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1112(b).

15. Section 1112(b)(4) provides a non-exhaustive list of factors constituting cause for dismissal or conversion. *In re Gonic Realty Trust,* 909 F.2d 624, 626-27 (1st Cir. 1990). Such factors include:

- "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;" 11 U.S.C. § 1112(b)(4)(A);

- "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;" 11 U.S.C. § 1112(b)(4)(F);

- "failure to pay any fees or charges required under chapter 123 of title 28;" 11 U.S.C. § 1112(b)(4)(K);

- "inability to effectuate substantial consummation of a confirmed plan;" 11 U.S.C. § 1112(b)(4)(M); and

- "material default by the debtor with respect to a confirmed plan." 11 U.S.C. § 1112(b)(4)(N).

14. Once cause is established, "the burden shifts to the opposing party to demonstrate unusual circumstances establishing that conversion or dismissal is not in the

best interests of the creditors and the estate, and that it meets the other requirements of § 1112(b)(2). If no such unusual circumstances exist and/or the other requirements are not met, the bankruptcy court *must* convert or dismiss the case." *Andover Covered Bridge, LLC v. Harrington (In re Andover Covered Bridge, LLC)*, 553 B.R. 162, 172 (B.A.P. 1st Cir. 2016) (internal citation omitted).

15. However, where cause exists under § 1112(b)(4)(A), the existence of "unusual circumstances" will not shield a chapter 11 case from dismissal or conversion. 11 U.S.C. § 1112(b)(2).

### B. Cause for Dismissal May Exist Under 11 U.S.C. § 1112(b)(4)(A), (M) and/or (N) Based on the Debtor's Post-Confirmation Payment Defaults and the Imminent Loss of the Debtor's Property.

16. On October 22, 2025, First Boston and York Sewer District filed their Motion for Relief from Stay, with a request for expedited relief. ECF No. 226. The movants asserted as grounds for the Motion the Debtor's repeated payment defaults and the alleged non-payment of post-petition real estate taxes. ECF No. 226 at 1-2. The movants further alleged that the Debtor lacked sufficient income, cashflow and/or accounts receivable to continue to fund payments under the Plan. *Id*.

17. After a hearing held on October 30, 2025, the Court granted the creditors' Motion for Relief from Stay. ECF No. 238. Upon information and belief, a foreclosure auction of the Property has been scheduled for December 2, 2025.

18. The Debtor's revenues from operations were to be a primary source of funding for the Debtor's Plan obligations. ECF No. 172 at 28. Without the Property, it is unclear that the Debtor has any other means to generate income to make payments to creditors or any business operations to reestablish. Since the Debtor has or will sustain

continuing losses and diminution of the estate, without a reasonable likelihood of rehabilitation, cause exists to dismiss this case under 11 U.S.C. § 1112(b)(4)(A).

19. The facts alleged in the Motion for Relief from Stay and the imminent foreclosure of the Debtor's Property may also constitute grounds for dismissal under 11 U.S.C. § 1112(b)(4)(M) (inability to effectuate substantial consummation of a confirmed plan); and/or 11 U.S.C. § 1112(b)(4)(N) (material default by the debtor with respect to a confirmed plan).

    **C.**     **Cause for Dismissal Exists Under 11 U.S.C. § 1112(b)(4)(F) Because the Debtor Has Failed to Timely File Its Post-Confirmation Report.**

20. The satisfaction of financial reporting requirements "is very high on the list of fiduciary obligations imposed upon a debtor in possession." *Matter of Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). The failure to meet reporting requirements, "whether based on inability to do so or otherwise, undermines the Chapter 11 process." *Andover Covered Bridge*, 553 B.R. at 173 (citation omitted).

21. The Debtor has failed to file its Post-Confirmation Report for the period of July 17, 2025, through September 30, 2025. The Debtor's Post-Confirmation Report was due no later than October 21, 2025, but has not been filed to date. The Debtor's failure to file timely operating reports constitutes cause for dismissal under 11 U.S.C. § 1112(b)(4)(F). *Andover Covered Bridge,* 553 B.R. at 173; *Matter of Berryhill*, 127 B.R. at 433.

    **D.**     **Cause for Dismissal Exists Under 11 U.S.C. § 1112(b)(4)(K) Because the Debtor Has Failed to Pay Quarterly Fees.**

22. The Debtor has failed to pay estimated past due quarterly fees of $1,906 for the third quarter ending September 30, 2025. The fee is estimated because the Debtor's Post Confirmation Report has not been filed. Quarterly fees and interest continue to accrue.

23.    The Debtor's failure to pay quarterly fees constitutes grounds for dismissal under 11 U.S.C. § 1112(b)(4)(K).  *See, e.g., In re Sydnor*, 431 B.R. 584, 592 (Bankr. D. Md. 2010) (failure to pay quarterly fees is *prima facie* cause for dismissal or conversion of case).

24.    The United States Trustee asserts dismissal rather than conversion is in the best interests of creditors and the estate because relief from stay has been granted with respect to Debtor's primary if not only meaningful asset and source of income.

WHEREFORE, the United States Trustee requests that the Court enter an Order dismissing the case and granting all such other and further relief as is just.

                                        WILLIAM K. HARRINGTON,
                                        UNITED STATES TRUSTEE

Dated: November 12, 2025        By: */s/ Ann Marie Dirsa*
                                        Ann Marie Dirsa BNH#06121
                                        Office of the United States Trustee
                                        53 Pleasant Street, Suite 2300
                                        Concord, NH  03301
                                        (603) 333-2781